UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| Dr. WALTER TURKOWSKI, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case No. 1:25-cv-00140 SNLJ |
| ) | |
| POPLAR BLUFF REGIONAL MEDICAL ) | |
| CENTER, LLC, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant Medical Doctor Associates, LLC d/b/a Cross Country Locums' (hereinafter "CCL") motion to dismiss for lack of standing. [Doc. 5]. For the reasons stated below, the motion to dismiss will be granted in part.

## I. BACKGROUND

This lawsuit arises out of a four-count petition in the Circuit Court of Butler County, Missouri against Poplar Bluff Regional Medical Center, LLC and Medical Doctor Associates, LLC d/b/a Cross Country Locums for alleged age and disability discrimination, as well as retaliatory termination under the Missouri Human Rights Act (hereinafter "MHRA"). [Doc. 1-3]. On September 2, 2025, defendant Poplar Bluff Regional Medical Center, LLC filed a timely notice of removal based upon diversity jurisdiction. [Doc. 1]. At the time the action was removed from the Circuit Court of Butler County, Missouri, defendant CCL had a pending motion to dismiss alleging that plaintiff lacked standing to sue it because he was an independent contractor and not an employee. [Docs. 1-3, 5].

Once removed to this Court, the motion to dismiss was docketed. [Doc. 5]. The motion seeks to have the claims against CCL dismissed on the grounds that plaintiff was an independent contractor and not an employee, thereby lacking standing; and, subsequently seeking recovery of CCL's attorney's fees and court costs. *Id.* Plaintiff opposes the motion arguing that (1) he does have standing and since the employee/independent contractor test is fact-intensive, he needs more discovery; and, (2) that the indemnification clause for attorney fees and court costs is unenforceable. [Doc. 14]. Defendant CCL then filed a reply in support of its motion to dismiss. [Doc. 17].

## II.  LEGAL STANDARD

Defendant CCL's motion to dismiss in state court was filed under Missouri Supreme Court Rules 55.27(a)(1) (lack of subject matter jurisdiction) or 55.27(a)(3) (plaintiff lacks legal capacity to sue). Now that the matter is proceeding in this court, the similar rule can be found under the Federal Rule of Civil Procedure 12(b)(1) (plaintiff lacks standing to sue).[1]

To establish Article III standing and survive a motion to dismiss filed under Federal Rule of Civil Procedure 12(b)(1), a plaintiff must have suffered an injury in fact that is fairly traceable to the defendant's challenged action, and it must be likely that the injury will be redressed by a favorable judicial decision. *Hawse v. Page*, 7 F.4th 685,

---

[1] Plaintiff's response attempts to argue that the motion to dismiss was brought under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. However, the argument presented by defendant CCL is not based upon a failure to state a claim upon which relief may be granted; but, rather, it is based upon a claim that plaintiff lacks standing to have even asserted its claims against defendant CCL. *See* Fed. R. Civ. Pro. 12(b)(1) and 12(b)(6).

688 (8th Cir. 2021) (citing *Lujan v. Defs. Of Wildlife*, 504 U.S. 555, 560-61 (1992)).  A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) may be either a "facial" challenge based solely on the pleadings, or a "factual" challenge in which the court considers matters outside the pleadings.  *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993).  In a factual challenge, the defendant challenges the factual truthfulness of the plaintiff's allegations, and the Court may consider matters outside the pleadings.  *Osborn v. United States*, 918 F.2d 724, 729-30 (8th Cir. 1990).  When a party challenges subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), "the party invoking federal jurisdiction, has the burden of proving the requisite amount by a preponderance of the evidence."  *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 347 (8th Cir. 2007).  However, the party invoking federal jurisdiction does not automatically enjoy the benefit of the allegations in its pleadings being accepted as true by the reviewing court.  *Branson Label, Inc. v. City of Branson, Mo.*, 793 F.3d 910, 915 (8th Cir. 2015).

### III.  DISCUSSION

**A.  Standing**

Missouri courts have interpreted the MHRA's employment discrimination provisions to require an employer-employee relationship.  *See Williams v. Hutcheson Enterprises, Inc.*, 699 S.W.3d 244, 249 (Mo. App. S.D. 2024).  As such, dismissal of discrimination claims under the MHRA for lack of standing and subject matter jurisdiction is appropriate if the claimant is an independent contractor instead of an

employee.  *Sloan v. Bankers Life & Cas. Co.*, 1 S.W.3d 555, 564 (Mo. App. W.D. 1999). The parties frame the issue as whether plaintiff had an employer-employee or an agent-independent contractor relationship with defendant CCL.   Defendant CCL has submitted the Professional Services Agreement [Doc. 16] as competent extrinsic evidence for its factual attack on plaintiff's jurisdictional allegations against it.  *See Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993) (holding that to make a factual attack on the jurisdictional allegations of the complaint, the court may receive competent evidence in order to determine the factual dispute).   Plaintiff does not dispute the existence and execution of the contract in question, the Professional Services Agreement.

Employees and independent contractors have long been distinguished primarily on the basis of the amount of control the alleged employer has over them.  *Sloan*, 1 S.W.3d at 562 (citing *Cole v. Town & Country Exteriors*, 837 S.W.2d 580, 584 (Mo. App. E.D. 1992)); *see also Howard v. City of Kansas City*, 332 S.W.3d 772, 782 (Mo. banc. 2011) (noting that an independent contractor is generally "one who contracts to perform work according to his own methods without being subject to the control of his employer except as to the result of the work").   Control can be determined by considering numerous factors identified by the courts, including:   (1) whether the work is part of the employer's regular business; (2) whether the employment requires special skills; (3) whether the person is able to hire assistants; (4) whether the person's work is done with or without supervision; (5) whether the person must furnish his or her own supplies, equipment, and materials; (6) whether a contract for a specific piece of work at a fixed

4

price exists; (7) how long the person is employed; (8) how the person is compensated; and, (9) the extent to which the person may control the details of his or her work. *Id.* (citing *Maltz v. Jackoway-Katz Cap Co.*, 82 S.W.2d 909, 916 (Mo. banc. 1934)). Other indicators of independent contractor status include the existence of a contract expressly classifying the worker as such, and the worker furnishing his own transportation and travel expenses. *Id.* at 563.

In applying all of the above factors to plaintiff's relationship with defendant CCL, the balance of those factors shows an independent contractor arrangement.

1. Plaintiff signed a contract with defendant CCL. [Doc. 16]. That contract clearly provides that plaintiff was an independent contractor. [*Id.* at ¶17].

2. Plaintiff is a doctor and licensed physician. [Doc. 1-3 at ¶12]. Defendant CCL is a healthcare staffing company that helps medical professionals find placement with hospitals and other medical facilities across the United States. [*Id.* at ¶14]. Clearly, the work performed by plaintiff is not the same as the business performed by defendant CCL.

3. Plaintiff's work as a doctor and licensed physician is a highly specialized field that requires extensive training and licensing. Defendant CCL does not offer any of that training or licensing.

4. Pursuant to the terms of the contract that plaintiff signed with defendant CCL, he was entitled to delegate duties under the contract to approved and qualified subcontractor licensed medical providers or employees. [Doc. 16 at ¶12].

5. The contract further defined that defendant CCL would not interfere with or attempt to influence the clinical judgment of plaintiff; and, defendant CCL would not exercise any control of any nature over the method or means by which plaintiff rendered services or made decisions in his practice of medicine. [*Id.* at ¶4].

6. Defendant CCL was not responsible for any of plaintiff's expenses. [*Id.* at

5

¶6]. Further, defendant CCL did not provide plaintiff with any instruments, tools, clothing/uniforms, or other supplies required to perform as a doctor and licensed physician. [*Id.* at ¶18].

7. Defendant CCL provided placement services for plaintiff to hospitals, physicians, medical clinics, or other medical providers. Plaintiff had the right to accept or reject any placements that defendant CCL presented to him. Further, plaintiff had the right to work for any other medical facilities even during the term of his contract with defendant CCL. [*Id.* at ¶¶2, 3, 17].

8. Defendant CCL was to provide short-term assignments of random but predetermined duration at a fixed rate to be agreed upon between plaintiff and defendant CCL. [*Id.* at ¶5].

9. Once plaintiff accepted an assignment from defendant CCL, he was to be compensated as a 1099 independent contractor. No taxes were to be withheld from his payments. Further, defendant CCL did not provide plaintiff with any fringe benefits like pension, health insurance, sick leave, or vacation. [*Id.* at ¶¶9, 17].

Plaintiff argues that a determination of his status as an independent contractor or employee at the motion to dismiss phase is inappropriate; and, that he is entitled to conduct discovery. If facts are undisputed, a trial court may declare as a matter of law that one is or is not an independent contractor. *Hougland v. Pulitzer Pub. Co.*, 939 S.W.2d 31, 33 (Mo. App. E.D. 1997) (citing *Williamson v. Southwestern Bell Tel. Co.*, 265 S.W.2d 354, 359 (Mo. 1954)). There is no issue of fact for the jury to decide "if the 'facts' alleged to be in dispute are actually differing opinions of the parties of the legal effect of documents or actions which determine their respective rights. *Id.* (citing *Roberts Fertilizer, Inc. v. Steinmeier*, 748 S.W.2d 883, 887 (Mo. App. W.D. 1988)).

Here, plaintiff has provided no evidence or affidavits as to why his status should

be considered that of an employee versus an independent contractor.  He has presented no facts as to how defendant CCL controlled his actions beyond his dispute with the legal effect of the parties' agreement.  Plaintiff has presented nothing that would prevent this Court from ruling on this issue at the motion to dismiss phase.

Second, discovery is designed to assist a party to prove a claim it reasonably believes to be viable without discovery, not to find out if it has any basis for a claim. *Vallejo v. Amgen, Inc.*, 903 F.3d 733, 747 (8th Cir. 2018) *citing Micro Motion, Inc. v. Kane Steel Co.*, 894 F.2d 1318, 1327 (Fed. Cir. 1990).  The fact that discovery might uncover evidence showing that plaintiff has a legitimate claim does not justify the discovery request.  *Micro Motion, Inc.*, 894 F.2d at 1327.  "A bare allegation of wrongdoing…is not a fair reason for requiring a defendant to undertake financial burdens and risks to further a plaintiff's case."  *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 363 (1978).  Plaintiff here is merely speculating about something that might be "caught on a fishing expedition" in discovery.  *See Kokocinski on behalf of Medtronic, Inc. v. Collins*, 850 F.3d 354, 368 (8th Cir. 2017).  Further, even if the plaintiff was allowed to conduct discovery, he has failed to identify how he could possibly upend the factors as presented by defendant CCL.  *See Sloan*, 1 S.W.3d at 563-64 (noting that even when the purported employer "clearly retains some control of the means" in which a contractor performs his work, independent contractor status is not precluded if the other factors clearly weigh in its favor).

Based upon the totality of all the factors that have been examined and analyzed

*supra*, plaintiff's relationship with defendant CCL is one of an independent contractor not an employee.  Accordingly, Medical Doctor Associates, LLC d/b/a Cross Country Locums is entitled to dismissal; and, the motion to dismiss all of the claims against it must be granted.

**B. Indemnification of Attorney Fees and Costs**

Defendant CCL next asks this Court to award it attorney fees and costs because plaintiff's claim is frivolous, unreasonable, and groundless as a matter of law under the MHRA; and, it violates plaintiff's contract with defendant CCL.  Plaintiff contends that an award of attorney fees and costs is not warranted because the action as filed was not frivolous; and, the contract term providing for indemnification by plaintiff is unenforceable.  Because this Court finds that attorneys' fees and costs will be awarded under the contract, it is unnecessary to determine whether they are also available under the MHRA.

Paragraph 15 of the contract provides:

> "15. <u>Indemnification</u>
>
> Provider shall be solely responsible for, and shall indemnify, defend, and hold CCL and client (including their respective employees, agents, and affiliates) free and harmless from, any and all claims, damages, fines, penalties, losses or lawsuits (including attorneys' fees and expenses incurred with respect thereto) (a) arising out of or relating to any act or omission of Provider, its employees or agents, and/or (b) based in whole or in part on an allegation or determination (by Provider, its employees, any governmental agency, or any third party) that Provider or Provider's employees are employees (or joint employees or co-employees) of CCL or Client."

[Doc. 16 at ¶15].

An indemnity clause is a "contractual provision in which one party agrees to answer for any specified or unspecified liability or harm that the other party might incur." *Black's Law Dictionary* (9th ed. 2009). Although indemnification suits generally arise in the context of third-party claims, Missouri law does not require it. *Safeway Stores, Inc. v. City of Raytown*, 633 S.W.2d 727, 729-32 (Mo. banc 1982); *Lee v. Investors Title Co.*, 241 S.W.3d 366, 367-68 (Mo. App. E.D. 2007) (upholding indemnity clause that granted attorneys fees in a direct suit between a builder and a title company).

Here, it is clear from the language in the parties' indemnification provision that plaintiff agreed to indemnify CCL for "any and all claims, damages, fines, penalties, losses or lawsuits (including attorneys' fees and expenses)" which were incurred "based in whole or in part on an allegation…that Provider [plaintiff]….[is] are employees….of CCL." [Doc. 16 at ¶15]. In the instant action, CCL prevailed (see *supra*) on every allegation brought by or against it by plaintiff relating to alleged status of plaintiff as an employee of CCL. Therefore, this Court must award CCL its attorneys' fees and costs.

Plaintiff argues that the indemnification provision is unenforceable because it is against public policy and is unconscionable due to inequality of bargaining power. While plaintiff failed to present any persuasive argument or caselaw supporting these theories, the Court will conduct its own analysis. First, plaintiff has failed to present any indication that he was a weaker party, that he was unable to look elsewhere for more attractive contracts, and that he had to accept this contract on a take-it-or-leave-it basis.

*See generally State ex rel. Vincent v. Schneider*, 194 S.W.3d 853, 858 (Mo. banc 2006); *Whitney v. Alltel Communications, Inc.*, 173 S.W.3d 300, 308 (Mo. App. W.D. 2005). Plaintiff has not indicated that he attempted to negotiate anything different with CCL and was unable to do so because of CCL's superior bargaining power or refusal to negotiate; and, plaintiff has not indicated that he ever objected to the indemnification clause.  *See e.g., Sander v. Alexander Richardson Investments*, 334 F.3d 712, 720 (8th Cir. 2003). Second, while some courts have held that indemnification claims relating to employment discrimination liability are contrary to public policy and legislative intent, employment discrimination laws (like the MHRA) do not apply to independent contractors.  *See e.g., Martin v. Gingerbread House, Inc.*, 997 F.2d 1405, 1407-08 (10th Cir. 1992); *McLaughlin v. Stineco, Inc.*, 697 F.Supp. 436, 448 (M.D. Fla. 1988); *Freund v. Hi-Tech Satellite, Inc.*, 185 Fed. Appx. 782, 782 (11th Cir. 2006).  As such, CCL's request for indemnification is viable because CCL is not seeking indemnification for any employment discrimination liability imposed upon it.   In other words, because CCL has proven that plaintiff was an independent contractor rather than an employee, the public policy argument against indemnification does not apply.  *See Dobbins v. Scriptfleet, Inc.*, 2012 WL 2282560 at *2 (M.D. Fla. 2012).

   Based upon the foregoing analyses, defendant CCL's request for attorney fees and costs under its motion to dismiss must be granted subject to CCL filing a verified motion with supporting affidavits and exhibits and an opportunity for plaintiff to object.

## IV. CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that defendant Medical Doctor Associates, LLC d/b/a Cross Country Locums' Motion to Dismiss [Docs. 5, 6] is **GRANTED.** This matter is **DISMISSED without prejudice** as to defendant Medical Doctor Associates, LLC d/b/a Cross Country Locums.

**IT IS FURTHER ORDERED** that defendant Medical Doctor Associates, LLC d/b/a Cross Country Locums' shall file a verified motion for attorney fees and costs with supporting affidavits and exhibits within fourteen (14) days of the date of this Order. Plaintiff Dr. Walter Turkowski shall have fourteen (14) days after the filing of the verified motion within which to file any response or objection. Defendant Medical Doctor Associates, LLC d/b/a Cross Country Locums' shall then have ten (10) days after the filing of any response or objection by plaintiff within which to file a reply memorandum.

**SO ORDERED** this 28th day of October, 2025.

                                                        _____
                                                       STEPHEN N. LIMBAUGH, JR.
                                                       SENIOR UNITED STATES DISTRICT JUDGE