UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

Dr. WALTER TURKOWSKI,              )
                                   )
              Plaintiff,           )
    vs.                            )     Case No. 1:25-cv-00140 SNLJ
                                   )
POPLAR BLUFF REGIONAL MEDICAL )
CENTER, LLC, et al.,               )
                                   )
              Defendants.          )

## MEMORANDUM AND ORDER

This matter is before the Court on defendant Medical Doctor Associates, LLC

d/b/a Cross Country Locums' (hereinafter "CCL") verified motion for attorney fees.

[Doc. 29].   Plaintiff did not respond or otherwise object to the amount of fees requested,

and his time to respond or otherwise object has lapsed.   For the reasons stated below, the

verified motion for attorney fees will be **GRANTED**.

## I.   BACKGROUND

This lawsuit arises out of a four-count petition against Poplar Bluff Regional

Medical Center, LLC and Medical Doctor Associates, LLC d/b/a Cross Country Locums

for alleged age and disability discrimination, as well as retaliatory termination under the

Missouri Human Rights Act (hereinafter "MHRA").   [Doc. 1-3].   On September 2,

2025, defendant Poplar Bluff Regional Medical Center, LLC filed a timely notice of

removal based upon diversity jurisdiction.   [Doc. 1].   At the time the action was

removed from the Circuit Court of Butler County, Missouri, defendant CCL had a

pending motion to dismiss alleging that plaintiff lacked standing to sue it because he was

an independent contractor and not an employee.   [Docs. 1-3, 5].

Once removed to this Court, the motion to dismiss was docketed.   [Doc. 5].   The motion sought to have the claims against CCL dismissed on the grounds that plaintiff was an independent contractor and not an employee, thereby lacking standing; and, subsequently seeking recovery of CCL's attorney's fees and court costs.   *Id.*   Plaintiff opposed the motion.   The Court entered a Memorandum and Order on October 28, 2025, granting the motion to dismiss and dismissing CCL without prejudice.   [Doc. 26].

The Memorandum and Order on the motion to dismiss granted CCL leave to file a verified motion for attorney fees and costs, as provided in the contract between plaintiff and CCL, with supporting affidavits and exhibits within fourteen (14) days.   [Doc. 26]. On November 11, 2025, CCL filed a consent motion for extension of time to file its verified motion for attorney fees.   [Doc. 27].   That motion was granted, and CCL was granted an additional thirty (30) days to file its verified motion for attorney fees and costs.   [Doc. 28].   Plaintiff was then granted fourteen (14) days thereafter to file any response or objection.   [*Id.*].   On November 26, 2025, CCL filed its verified motion for attorney fees.   [Doc. 29].   Plaintiff has failed to respond or otherwise object.

## II.   LEGAL STANDARD

If a contract provides for the recovery of attorneys' fees and costs, "the trial court must comply with the terms of the contract and award them to the prevailing party." *DocMagic, Inc. v. Mortgage P'Ship of Am., L.L.C.*, 729 F.3d 808, 812 (8th Cir. 2013). "The starting point in determining attorney fees is the lodestar, which is calculated by

multiplying the number of hours reasonably expended by the reasonable hourly rates." *Fish v. St. Cloud State Univ.*, 295 F.3d 849, 851 (8th Cir. 2002) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).   "As a general rule, a reasonable hourly rate is the prevailing market rate, that is, 'the ordinary rate for similar work in the community where the case has been litigated.'"   *Moysis v. DTG Datanet*, 278 F.3d 819, 828 (8th Cir. 2002) (quoting *Emery v. Hunt*, 272 F.3d 1042, 1048 (8th Cir. 2001)).   "The court 'has great latitude to determine a reasonable hourly rate because it is intimately familiar with its local bar.'"   *Burton v. Nilkanth Pizza Inc.*, 20 F.4th 428, 431 (8th Cir. 2021) (quoting *Childress v. Fox Assocs., LLC*, 932 F.3d 1165, 1172 (8th Cir. 2019)).   "When calculating a lodestar, a district court need no accept counsel's submission of hours as conclusive but should exclude from that total those hours that were not reasonably expended on the litigation."   *Fires v. Heber Springs Sch. Dist.*, 565 F. App'x 573, 575 (8th Cir. 2014) (citing *Hensley*, 461 U.S. at 433-34).   "Although the district court need not explicitly state which hour it finds reasonable, it must at least calculate the hourly rate and the reasonable number of hours worked."   *Vines v. Welspun Pipes, Inc.*, 9 F.4th 849, 856 (8th Cir. 2021) (citing *Fires*, 565 F. App'x at 576).   "In sum, the court should calculate the reasonable hourly rate and the reasonable number of hours worked [and] use these two variables to calculate the lodestar…"   *Burton*, 20 F.4th at 431.

After calculating a fee award using either the lodestar method…, district courts generally evaluate 'the ultimate reasonableness of the award…by considering relevant factors…"   *League of Women Voters of Mo. v. Ashcroft*, 5 F.4th 937, 941 (8th Cir. 2021)

3

(quoting *In re Target Corp. Customer Data Sec. Breach Litig.*, 892 F.3d 968, 977 (8th Cir. 2018)). In Missouri, "[o]ther relevant factors in determining the reasonable value and amount of [attorneys'] fees include" the following: (1) the rates customarily charged by the attorneys involved in the case and by other attorneys in the community for similar services; (2) the number of hours reasonably expended on the litigation; (3) the nature and character of the services rendered; (4) the degree of professional ability required; (5) the nature and importance of the subject matter; (6) the amount involved or the result obtained; and, (7) the vigor of the opposition. *Berry v. Volkswagen Grp. of Am., Inc.*, 397 S.W.3d 425, 431 (Mo. banc 2013) (quoting *Hill v. City of St. Louis*, 371 S.W.3d 66, 81-82 (Mo. Ct. App. 2012)).

### III.   DISCUSSION

CCL has submitted the affidavit of Attorney Alexis L. Silsbe in support of its verified motion for attorney fees. [Doc. 29-2]. The affidavit identifies the hourly rates that were charged by attorneys and staff in working on this case. [*Id.*]. The Court finds that the hourly rates presented by CCL are reasonable and customary for similar work in the Eastern District of Missouri.

The affidavit then also provides that Attorney Alexis L. Silsbe, "…reviewed all legal fee invoices to CCL for the period of September 23, 2024 to present…to determine which work description entries relate to the defense of Plaintiff's claims. I have excluded from the fees proposed in this affidavit any work not performed in connection with the defense of Plaintiff's claims in this action." [*Id.* at ¶17]. The attorneys

4

performed a variety of work in connection with the defense of this matter, including: legal research, legal and factual analysis, drafting memoranda, drafting pleadings and motions, and providing updates with advice and counsel to CCL.   [*Id.* at ¶21]. Ultimately, CCL is seeking to recover $15,393.50.

The Court finds that this was a complex contractual dispute where plaintiff's legal strategy was presumptively a concede nothing, litigate everything attitude which predictably resulted in the cost of litigation now presented by CCL.   CCL had to defend plaintiff's claims originating with a Charge of Discrimination with the Missouri Commission on Human Rights; then state litigation in the Circuit Court of Butler County, Missouri; and, finally ending with this Court on a fully briefed motion to dismiss.   "A party cannot litigate tenaciously and then be heard to complain about the time necessarily spent overcoming its vigorous defense." *Williams v. Fin. Plaza, Inc.*, 78 S.W.3d 175, 187 (Mo. App. 2002).   Furthermore, plaintiff has not opposed the amount requested by CCL and has not presented this Court with any reason to believe that CCL's request is unreasonable, unfair, or inequitable based upon the work incurred related to this action.

Based on the foregoing, the Court concludes that the amounts sought are sufficiently supported by the evidence, are recoverable under governing law, and are reasonable. *See, e.g., Weitz Co. v. MH Washington*, 631 F.3d 510, 528 (8th Cir. 2011) (discussing standards for recovering attorneys' fees under Missouri law when permitted by contract).

5

## IV.  CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that defendant Medical Doctor Associates, LLC

d/b/a Cross Country Locums' Verified Motion for Attorney Fees [Doc. 29] is

**GRANTED**.   Judgment shall enter in favor of defendant Medical Doctor Associates,

LLC d/b/a Cross Country Locums and against plaintiff, Dr. Walter Turkowski, in the

amount of **$15,393.50**.

**SO ORDERED** this 24th day of March, 2026.


_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE