UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| Dr. WALTER TURKOWSKI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:25-cv-00140 SNLJ |
| | ) | |
| POPLAR BLUFF REGIONAL MEDICAL | ) | |
| CENTER, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant Poplar Bluff Regional Medical

Center, LLC's (hereinafter "Poplar Bluff") motion to dismiss for lack of standing.   [Doc.

24].   Plaintiff did not respond or otherwise object to the motion, and his time to do so

has lapsed.   For the reasons stated below, the motion to dismiss will be **GRANTED**.

### I.   BACKGROUND

Poplar Bluff operates a hospital in Poplar Bluff, Missouri and contracts with

Integrative Emergency Services to provide independent contractors for its emergency

department and as hospitalists.   [Doc. 24-1 at pp. 1, 17].   That same contract also allows

for Integrative Emergency Services to contract with locum tenens independent

contractors to fill positions with Poplar Bluff when no Integrative Emergency Services

employees were available.   [*Id.* at pp. 21, 41].   Poplar Bluff then would pay Integrative

Emergency Services for either their employees that they placed with Poplar Bluff or for

the locum tenens physicians it provided.   [*Id.*].

Integrative Emergency Services then had a contract with LOCUMSMART which

uses a web-based interface to match openings with providers of locum tenens service. [Doc. 25-3 at p. 1]. That contract also provided that the nature of the relationship between LOCUMSMART, Integrative Emergency Services, and the vendor members looking to place locum tenens physicians shall, at all times, be that of independent contractors. [*Id.*].

As required by the contract with LOCUMSMART, Integrative Emergency Services entered into a general locum tenens agreement with Cross Country Staffing whereby Cross Country would provide either physicians or non-physicians (hereinafter "providers") to staff the available openings. [Doc. 24-2]. Under the terms of this agreement, the providers are independent contractors of Cross Country and are paid for their services by Cross Country.

Plaintiff contracted with Cross Country as an independent contractor.1 [Doc. 16]. Through plaintiff's contract with Cross Country, he acknowledged he was an independent contractor; acknowledged that he was solely responsible for paying his own income taxes, payroll taxes, and other applicable taxes; and, expressly waived any and all claims for workers compensation, discrimination, harassment, unemployment, ACA and ADA claims against Cross Country and other medical facilities that he was assigned shifts at. [Doc. 16 at p. 3].

Integrative Emergency Services posted notice of available shifts at Poplar Bluff

---

1 In addition to plaintiff's contract with Cross Country indicating that he was an independent contract, this Court has found that plaintiff was, in fact, an independent contractor and not an employee of Cross Country. [Doc. 26].

emergency department in April and May of 2024 via the LOCUMSMART web-based interface.  Cross Country filled some of those available shifts and assigned plaintiff to work at Poplar Bluff emergency department.  Plaintiff worked in the Poplar Bluff emergency department April 26-30, 2024, and May 4-6, 2024.

This lawsuit arose out of a four-count petition against Poplar Bluff and Medical Doctor Associates, LLC d/b/a Cross Country Locums for alleged age and disability discrimination, as well as retaliatory termination under the Missouri Human Rights Act (hereinafter "MHRA").  [Doc. 1-3].  On September 2, 2025, Poplar Bluff filed a timely notice of removal based upon diversity jurisdiction.  [Doc. 1].  Poplar Bluff filed its answer and affirmative defenses to the complaint on September 2, 2025.  [Doc. 7].

On October 10, 2025, Poplar Bluff filed its motion to dismiss and supporting memorandum pursuant to Federal Rule of Civil Procedure 12(b)(1).  [Docs. 24, 25]. The motion seeks to have the claims against Poplar Bluff dismissed on the grounds that plaintiff was an independent contractor and not an employee, thereby lacking standing. [*Id.*].  Plaintiff has not opposed the motion and has not provided the Court with any reason to deny Poplar Bluff's motion to dismiss for lack of standing.  Defendant Medical Doctor Associates, LLC d/b/a Cross Country Locums was dismissed for lack of standing on October 28, 2025.  [Doc. 26].

## II.  LEGAL STANDARD

To establish Article III standing and survive a motion to dismiss filed under Federal Rule of Civil Procedure 12(b)(1), a plaintiff must have suffered an injury in fact

that is fairly traceable to the defendant's challenged action, and it must be likely that the injury will be redressed by a favorable judicial decision.  *Hawse v. Page*, 7 F.4th 685, 688 (8th Cir. 2021) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992)).   A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) may be either a "facial" challenge based solely on the pleadings, or a "factual" challenge in which the court considers matters outside the pleadings.  *Titus v. Sullivan*, 4 f.3d 590, 593 (8th Cir. 1993).   In a factual challenge, the defendant challenges the factual truthfulness of the plaintiff's allegations, and the Court may consider matters outside the pleadings.  *Osborn v. United States*, 918 F.2d 724, 729-730 (8th Cir. 1990).   When a party challenges subject matter jurisdiction under Rule 12(b)(1), the party invoking federal jurisdiction has the burden of proving the requisite amount by a preponderance of the evidence.  *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 347 (8th Cir. 2007) (citing *Rasmussen v. State Farm Mut. Auto. Ins. Co.*, 410 F.3d 1029, 1031 (8th Cir. 2005)).   However, the party invoking federal jurisdiction does not automatically enjoy the benefit of the allegations in its pleadings being accepted as true by the reviewing court.  *Branson Label, Inc. v. City of Branson, Mo.*, 793 F.3d 910, 915 (8th Cir. 2015).

## III.   DISCUSSION

Missouri courts have interpreted the MHRA's employment discrimination provisions to require an employer-employee relationship.  *See Williams v. Hutcheson Enterprises, Inc.*, 699 S.W.3d 244, 249 (Mo. App. S.D. 2024).   As such, dismissal of discrimination claims under the MHRA for lack of standing and subject matter

4

jurisdiction is appropriate if the claimant is an independent contractor instead of an employee. *Sloan v. Bankers Life & Cas. Co.*, 1 S.W.3d 555, 564 (Mo. App. W.D. 1999). The issue framed for this Court to review is whether plaintiff had an employer-employee or an agent-independent contractor relationship with Poplar Bluff. Poplar Bluff has submitted a Hospitalist & Emergency Department Professional Services Agreement Face Sheet and Service Agreement [Doc. 24-1], Locumsmart General Locum Tenens Agreement [Doc. 24-2], and Locumsmart HCO Member Agreement [Doc. 24-3] as competent extrinsic evidence for its factual attack on plaintiff's jurisdictional allegations against it. *See Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993) (holding that to make a factual attack on the jurisdictional allegations of the complaint, the court may receive competent evidence in order to determine the factual dispute). Plaintiff has not filed a response or any sort of objection disputing the existence and execution of any of the agreements presented by Poplar Bluff.

Employees and independent contractors have long been distinguished primarily on the basis of the amount of control the alleged employer has over them. *Sloan*, 1 S.W.3d at 562 (citing *Cole v. Town & Country Exteriors*, 837 S.W.2d 580, 584 (Mo. App. E.D. 1992)); *see also Howard v. City of Kansas City*, 332 S.W.3d 772, 782 (Mo. banc 2011) (nothing that an independent contractor is generally "one who contracts to perform work according to his own methods without being subject to the control of his employer except as to the result of the work."). Control can be determined by considering numerous factors identified by the courts, including: (1) whether the work is part of the

5

employer's regular business; (2) whether the employment requires special skills; (3) whether the person is able to hire assistances; (4) whether the person's work is done with or without supervision; (5) whether the person must furnish his or her own supplies, equipment, and materials; (6) whether a contract for a specific piece of work at a fixed price exists; (7) how long the person is employed; (8) how the person is compensated; and, (9) the extent to which the person may control the details of his or her work.  *Id.* (citing *Maltz v. Jackoway-Katz Cap Co.*, 82 S.W.2d 909, 916 (Mo. banc 1934)).   Other indicators of independent contractor status include the existence of a contract expressly classifying the worker as such, and the worker furnishing his own transportation and travel expenses.  *Id.* at 563.

Poplar Bluff has presented to this Court multiple layers of contracts that establish the creation of its relationship with plaintiff.   Those contracts all define the relationship of the parties to one another as agent-independent contractor.   Consistent with the defined relationship, Poplar Bluff exercised no independent control over the plaintiff; Poplar Bluff never paid plaintiff; Poplar Bluff never arranged plaintiff's schedule; Poplar Bluff never withheld taxes from plaintiff; Poplar Bluff never paid plaintiff on a W-2; Poplar Bluff never had control over the manner in which plaintiff practiced medicine or provided clinical services to patients; and, plaintiff only worked for Poplar Bluff for less than one month.   The facts and evidence are clear.   Poplar Bluff merely contracted with Integrative Emergency Services who, in turn, contracted with Cross Country to provide plaintiff's services on the requested dates at the requested location.   That is not sufficient

to establish Poplar Bluff as plaintiff's employer.

Plaintiff has, once again, failed to provide any evidence or affidavits as to why his status with Poplar Bluff should be considered that of an employee versus an independent contractor.   He has presented no facts as to how Poplar Bluff controlled his actions or why Poplar Bluff should be considered his employer.

Based upon the totality of all the factors that have been examined and analyzed *supra*, plaintiff's relationship with Poplar Bluff is one of an independent contractor and not an employee.   Accordingly, Poplar Bluff is entitled to dismissal; and, the motion to dismiss all of the claims against it must be granted.

## IV.   CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that defendant Poplar Bluff Regional Medical Center, LLC's Motion to Dismiss [Doc. 24] is **GRANTED**.

**IT IS FURTHER ORDERED** that Poplar Bluff Regional Medical Center, LLC is **DISMISSED without prejudice.**

**IT IS FINALLY ORDERED** that the Clerk of Court is **DIRECTED** to **CLOSE** the case.   A separate order of dismissal will accompany this Memorandum and Order

**SO ORDERED** this 30th day of March, 2026.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE